UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Weston J. Stow

    v.                                Civil No. 17-cv-088-JL

Robert McGrath et al.

## REPORT AND RECOMMENDATION

Weston Stow has filed motions and other documents in this court, seeking to enjoin and stay proceedings in a New Hampshire Superior Court case.[1] Those motions include:

- Motion to Stay State Proceedings (Doc. No. 2);

- Motion for Prohibitive Preliminary Injunction (Doc. No. 5)[2];

- Motion for Removal from State Court (Doc. No. 6);

- Motions to Addend Motion for Prohibitive Preliminary Injunction (Doc. Nos. 7, 10-12, 15, 22);

- Motion to Present for the Court's Consideration a Possible Course of Action (Doc. No. 13);

- Motions to Addend, Amend, and/or Supplement Motion for

---

[1]Because the plaintiff is a prisoner proceeding pro se and in forma pauperis, the case will be separately preliminarily reviewed by the Magistrate Judge pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

[2]Stow has filed Status Reports (Doc. Nos. 16, 18, 19, 34) concerning the Superior Court proceedings which the court has reviewed and considered in regard to the motions addressed in this Report and Recommendation.

Removal from State Court (Doc. Nos. 17, 21, 26, 28-31, 36); and

- Motion to Correct Omission in Motion for Prohibitive Preliminary Injunction (Doc. No. 24).

**Discussion**

I. Removal of Superior Court Case to this Court

Stow seeks to remove his Superior Court case, Stow v. McGrath, No. 217-2016-cv-00540 (N.H. Super., Merrimack Cnty.) ("State Case"), in which he is the plaintiff, to this court, pursuant to 28 U.S.C. § 1441. However, it is a "general and well-established principle – and limit on federal jurisdiction – that as to a case brought in state court, only a defendant has the power of removal." Fed. Home Loan Mortg. Corp. v. Litano, No. 15-cv-10019-MAP, 2015 WL 3632334, at *4, 2015 U.S. Dist. LEXIS 71066, at *7 (D. Mass. Mar. 30, 2015), R&R adopted, 2015 WL 3632334, at *2, 2015 U.S. Dist. LEXIS 71067, at *4 (D. Mass. June 1, 2015); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 106 (1941).

Citing Shamrock Oil & Gas Corp., 313 U.S. at 105, Stow argues that this court should except this case from the rule that state court plaintiffs may not remove state court cases to federal court, citing the fact that between 1875 and 1887, the removal statute allowed any party to remove a state case to federal court. The removal statute, however, has not included

2

such a provision since 1887, when Congress revised that statute to allow removal only by the defendant. See id. at 106-07. Accordingly, as the plaintiff in the Superior Court case, Stow cannot remove his state court case to this court, and the district judge should deny Stow's motions so requesting.

## II. Request to Enjoin and/or Stay Superior Court Case

At the time Stow filed his initial motion to enjoin and/or stay the Superior Court case, the judge in that matter had already issued an order dismissing the case. See Feb. 9, 2017 Order, State Case, Index No. 66 (Doc. No. 5-1, at 29). In that order, the state court dismissed all of the claims then pending in that court. See id. (Doc. No. 5-1, at 37). All but one of the claims was dismissed with prejudice; as to the one claim dismissed without prejudice, which concerned an allegedly retaliatory transfer which is also the subject of claims asserted in this case, the Superior Court stated:

> [T]he plaintiff may attempt to amend the complaint on the allegation of retaliation by defendants McGrath, Lirette, and Hardy by filing a motion to amend and a complaint that sets forth facts sufficient to establish that claim . . . within 30 days of the date on the clerk of court's notice of this decision or the dismissal of the retaliation claim will also be with prejudice."

Id. Stow filed a notice of appeal in the New Hampshire Supreme Court appealing that decision. See Apr. 25, 2017 Notice of Appeal, State Case, Index No. 84. That notice of appeal remains

3

pending in the New Hampshire Supreme Court.  See Stow v. McGrath, No. 2017-0228 (N.H.).

Prior to filing his notice of appeal, Stow filed an amended complaint in the state court.  See Mar. 9, 2017 Am. Compl., State Case, Index No. 74 (Doc. No. 5-1, at 69).  While the amended complaint was pending, Stow filed a motion for a voluntary nonsuit without prejudice, seeking nonsuit of the claims in the Superior Court case that were not then pending before the New Hampshire Supreme Court.  See May 10, 2017 Mot. Voluntary Nonsuit, State Case, Index No. 87 (Doc. No. 18-1). The state court granted that motion.  See June 28, 2017 Order, State Case, Index No. 100.

All of the claims asserted in the Superior Court proceedings, therefore, have been dismissed, either by the February 9, 2017 Order or by the June 28, 2017 Order. Accordingly, there are no pending proceedings in the Superior Court to be enjoined or stayed.  For that reason, the district judge should deny Stow's motions seeking to stay and/or enjoin the state court proceedings as moot.

**Conclusion**

For the reasons set forth in this Report and Recommendation, the undersigned Magistrate Judge RECOMMENDS that the district judge in this case adopt this Report and

4

Recommendation and, in doing so, issue the following rulings on the pending motions:

1.   Plaintiff's motion (Doc. No. 6), seeking to remove the Superior Court proceedings in Stow v. McGrath, No. 217-2016-CV-540 (N.H. Super., Merrimack Cnty.) to this court, is DENIED.

2.   Plaintiff's motions (Doc. Nos. 17, 21, 26) seeking to addend Stow's Motion to Remove the Superior Court proceedings are GRANTED in part and DENIED in part.  The motions are granted to the extent the court has considered the assertions therein as addenda to Stow's Motion to Remove.  The motions are DENIED in all other respect, including as to their request that the Superior Court proceedings be removed to this court.

3.   Plaintiff's Motion Seeking to Enjoin and/or Stay Superior Court Proceedings (Doc. No. 2) is denied.

4.   Plaintiff's Motion for Prohibitive Preliminary Injunction (Doc. No. 5), is DENIED in part and otherwise taken under advisement.  The motion is DENIED to the extent it seeks to enjoin or stay proceedings in Stow v. McGrath, No. 217-2016-CV-540 (N.H. Super., Merrimack Cnty.).  To the extent the motion (Doc. No. 5) seeks any other relief, it is taken under advisement.

5.   Plaintiff's Motion to Present for the Court's Consideration a Possible Course of Action (Doc. No. 13) is construed as a motion to addend the Motion for a Prohibitive Preliminary Injunction (Doc. No. 5).

6.   Plaintiff's Motions Seeking to Addend Stow's Motion for Prohibitive Preliminary Injunction (Doc. Nos. 7, 10-13, 15, 22, 24, 28-31, 36) are GRANTED in part, DENIED in part, and otherwise taken under advisement.  The motions are granted to the extent that the court has considered the assertions therein as addenda to Stow's Motion for Prohibitive Preliminary Injunction.  The motions are DENIED to the extent they seek an Order enjoining or staying proceedings in Stow v. McGrath, No. 217-2016-CV-540 (N.H. Super., Merrimack Cnty.).  To the extent the motions seeks any other relief, they are taken under advisement.

8.   The factual and legal assertions in each of the

5

filings addressed in this Order are deemed to be subject to the court's preliminary review of the pleadings, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 22, 2017

cc: Weston J. Stow, pro se