UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Weston J. Stow</u>

     v.                                    Civil No. 17-cv-088-LM

<u>Robert P. McGrath et al.</u>

### <u>REPORT AND RECOMMENDATION</u>

Before the court in this matter are the following motions and other documents, filed by plaintiff Weston J. Stow, seeking to amend his complaint to add claims and defendants to this action:

- "Motion to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a)" (Doc. No. 95), "Memorandum of Law in Support of Plaintiff's 1-11-18 Mailed [Motion to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a)]" (Doc. No. 97), and "Supplemental Complaint to the Motion to Amend Complaint (Doc. No. 95)" (Doc. No. 108);

- "Motion to Add the Within as an Addendum to the 1-11-18 Amended Complaint" (Doc. No. 98);

- "Motion to Add the Within Point of Law as an Addendum to Plaintiff's 1-16-2018 Memorandum of Law" (Doc. No. 106);

- "Motion to Amend + Supplement the 1-11-2018 Amended Complaint [Motion to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a)]" (Doc. No. 107);

- "Motion to Supplement the 01-11-18 Amended Complaint Pursuant to Fed. R. Civ. P. Rules 15(a)(2); 15(c); 15(d)" (Doc. No. 118); and

- "Motion for Court to Order Defendants to Answer All Amended and Supplemental Complaints" (Doc. No. 119).

In this Report and Recommendation, the court refers to these documents, collectively, as Stow's "motions to amend."

Defendants have objected to the above-listed filings, <u>see</u> Doc. Nos. 104, 109, and Stow, in response to the objections, has filed "Plaintiff's Response to Defendants' Omnibus Objection to Plaintiff's Multiple Motions Seeking to Supplement the Motion to Amend the Operative Complaint" (Doc. No. 121) and "Plaintiff's Response to Defendants' Objection to Plaintiff's Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)" (Doc. No. 122).

## **Background**

### I.   **Claims Presently in this Action**

In this case, the court has previously allowed the following claims to proceed against the defendants named in each claim[1]:

> 1.   Defendants Robert McGrath, Leo Lirette, and Edward Hardy, acting individually and in conspiracy with one another, caused Stow to be transferred from the New Hampshire State Prison ("NHSP") to the Northern New Hampshire Correctional Facility ("NCF") on March 30, 2016, in retaliation for Stow's administrative complaints about medication refill procedures and inadequate ventilation on his housing unit, causing Stow to lose his NHSP kitchen job, to have his pay decreased, and subjecting Stow to adverse conditions of confinement, embarrassment, and a

---

[1]In the October 13, 2017 Report and Recommendation (Doc. No. 65), the court identified the claims Stow alleged in his complaint by number.  <u>See</u> <u>id.</u>, <u>R&R approved by</u> Jan. 23, 2018 Order (Doc. No. 101).  The same claim numbers are used here to avoid confusion.  Elipses in the list of claims in this Report and Recommendation represent the claims that were dismissed by the January 23, 2018 Order (Doc. No. 101).  <u>See</u> <u>id.</u>

loss of dignity, when other inmates who had made similar administrative complaints were not transferred to NCF and did not lose their prison jobs, in violation of:

    a.   Stow's First Amendment rights to free speech and to petition the government for a redress of grievances, rendering those defendants liable for damages and injunctive relief under 42 U.S.C. § 1983;

. . .

    d.   state common law, rendering defendants liable for damages for:

        i.   conspiracy,

. . .

        iii. malfeasance in public office,
        iv.  misfeasance in public office,
        v.   negligence, and
        vi.  tortious interference with contractual relations;

. . .

2.   Defendant McGrath threatened Stow with bodily harm by stating "You've made a big mistake, if I get a clean shot at you I'm going to take it," in retaliation for Stow's administrative complaints about medication refill procedures and inadequate ventilation on his housing unit, in violation of:

    a.   Stow's First Amendment rights to free speech and to petition the government for a redress of grievances, rendering defendant liable for damages and injunctive relief under 42 U.S.C. § 1983;

. . .

    c.   state common law, rendering defendant liable for damages for:

        ii.  malfeasance in public office, and
        iii. misfeasance in public office;

. . .

5.   Defendants Lirette and Perkins improperly denied Stow access to the administrative grievance system by ordering Stow not to make administrative requests or complaints concerning Stow's transfer to NCF and the April 2017 denial of extended law library time, and threatened to take disciplinary action against Stow if he did so, in retaliation for filing administrative grievances, in violation of:

     a.   Stow's First Amendment rights to free speech and to petition the government for a redress of grievances, rendering defendants liable for damages and injunctive relief under 42 U.S.C. § 1983;

. . .

     c.   state common law, rendering defendants liable for damages for:

          i.   malfeasance in public office,
          ii.  misfeasance in public office, and
          iii. negligence.

. . ..

     The claims listed above, which have been served on, and answered by, the defendants named therein, pertain to and arise out of three events: a February 2016 failure of prison officials to properly refill Stow's medication, Stow's subsequent transfer to NCF, and the failure to allow Stow access to the NCF law library in April 2017.  No other claims have been allowed to proceed in this action.  Stow now seeks to amend his complaint to add claims concerning a letter he attempted to mail out of the prison in October 2017.

## II.  **Motions to Amend Complaint**

### A.  Facts

In his motions to amend, Stow asserts that on October 25,
2017, he asked NCF case counselor/case manager Ms. Snyder, for
photocopies of a letter he had written, and attachments thereto,
that Stow was preparing to send to Roger Goodell, the
Commissioner of the National Football League ("NFL") ("Goodell
letter").  Stow alleges that his letter constituted legal work
because it was written in anticipation of a lawsuit Stow
intended to file against one or more NFL players for failing to
stand during the national anthem.

Snyder, who was not the person who ordinarily provided
inmates with photocopies, called John Perkins, the law librarian
at the NHSP, to ask whether Stow could have copies of those
materials.  Perkins asked Snyder to send him the materials so
that he could review them.  Snyder returned the original
documents to Stow, and told Stow she would send copies of the
documents to Perkins.  Snyder later told Stow that she had, in
fact, sent the documents to Perkins.

On October 31, 2017, in response to an Inmate Request Slip
("IRS") Stow had sent to Perkins, Perkins advised Stow that he
was not in possession of the materials.  In a November 13, 2017
response to another IRS, Perkins advised Stow that the materials
went to the New Hampshire Department of Corrections ("DOC")

Investigations Department ("Investigations").  Stow, in IRSs sent to Perkins between October 25, 2017 and November 28, 2017, posed a number of questions to Perkins concerning his letter. Perkins answered some, but not all, of the questions.

Dr. Anne Davis, Perkins's supervisor at the NHSP Education Department, received a copy of the Goodell letter on October 31, 2017.  After she received the letter, Davis issued a disciplinary report to Stow for four statements in the letter that she considered to be threats Stow had made against a person or property, in violation of DOC rules.  Davis told Stow that she issued the disciplinary report after conferring with Investigations.  Stow attempted to confirm that information with Investigations, but was unable to do so.

In several responses to IRSs Stow sent to Davis between November 28, 2017 and December 18, 2017, Stow posed a number of questions to Davis concerning matters related to the Goodell letter.  Davis answered some, but not all, of the questions.  In a December 6, 2017 IRS, Stow requested that Davis terminate Perkins's employment, asserting that Perkins had violated state law and DOC policies.  Davis declined to terminate Perkins.

B.    Claims

In his motions to amend his complaint, and related filings, Stow seeks to assert claims related to the October 25, 2017 seizure of his letter, and the events that followed.  Stow

asserts claims against Perkins, who is a defendant to the claims
in this action identified above as Claims 5(a) and 5(c)(i)-(iii)
in this action, which are unrelated to the claims asserted here.
Stow also asserts claims against Davis, alleging that her
actions violated his First Amendment rights, as well as state
law and DOC policy, by subjecting him to censorship, and
retaliation for exercising his right to free speech by issuing a
disciplinary report against Stow.

## Discussion

### I.    Standard

Although Stow cites Rule 15(a) of the Federal Rules of Civl
Procedure in his motions to amend, his motions to amend actually
arise under Rule 15(d).  "Rule 15(d) affords litigants a pathway
for pleading 'any transaction, occurrence, or event that
happened after the date of the pleading to be supplemented.'"
United States ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 7
(1st Cir. 2015) (quoting Fed. R. Civ. P. 15(d)).  In considering
a request to supplement a pleading under Rule 15(d), courts
generally grant such requests liberally.  See id.  "However,
'while leave to permit a supplemental pleading is favored, it
cannot be used to introduce a separate, distinct and new cause
of action,'" unless "'a relationship exists between the original
complaint and the later accruing material.'"  Lath v. Oak Brook

Condo. Owners' Ass'n, No. 16-cv-463-LM, 2017 u.s. Dist. LEXIS 108428, at *8, 2017 WL 2986334, at *2 (D.N.H. July 13, 2017) (citations omitted).  "[W]hen the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified."  6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1506 (3d ed. 2017).  "Unrelated claims against different defendants belong in different suits," in part "to ensure that prisoners pay the required filing fees," and that prisoners do not avoid exposure to the "three strikes" provision of 28 U.S.C. § 1915(g).  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

## II.  John Perkins

In his filings, Stow asserts that Perkins denied having possession of the Goodell letter, told Stow that the letter went to Investigations, and failed to answer questions Stow posed to him in IRS forms sent in October and November 2017.  In the motions to amend, there are no other assertions concerning Perkins, relating to the Goodell letter.  Nothing in the motions to amend indicates that Perkins ever actually had the Goodell letter, or that if he did, he took any action with respect to the letter.  The motions to amend thus do not demonstrate that

Perkins did or failed to do anything, in regard to the Goodell letter, that prevented or inhibited the exercise of Stow's First Amendment rights.

The remaining claims Stow has asserted against Perkins in the motions to amend amount to Perkins allegedly lying to Stow and refusing to answer questions Stow posed to him, which Stow has alleged violated his rights under state law, the state constitution, and DOC policy.  As previously explained in the October 13, 2017 Report and Recommendation (Doc. No. 65) issued in this case, there is no federal constitutional right not to be lied to or to have prison officials follow prison policy, and no private right of action accrues to Stow for the alleged violations of his rights under state statutory and constitutional law.  Oct. 13, 2017 R&R (Doc. No. 65), at 23, 24, 26, approved by Jan. 23, 2018 Order (Doc. No. 101).

Stow's claims against Perkins arise, if at all, under state tort law.  Without a federal claim to bestow original jurisdiction on this court over the claims in the motions to amend, the court should not exercise supplemental jurisdiction, see 28 U.S.C. § 1367, over Stow's claims against Perkins arising under state tort law.  For these reasons, the district judge should deny Stow's motions to amend or supplement his complaint to assert claims against Perkins, concerning or arising out of events related to Stow's letter to Goodell, without prejudice to

9

Stow's ability to bring his state law claims against Perkins in state court.

### III. **Dr. Anne Davis**

Although Davis was named as a defendant in Stow's original complaint, Stow failed to assert a claim against her upon which relief might be granted, and she was dropped from this action. See Jan. 23, 2018 Order (Doc. No. 101) (approving Oct. 13, 2017 R&R (Doc. No. 65). Davis, therefore, is not presently a defendant in this case. The claims asserted against Davis in the instant motions to amend arise out of facts and events that are unrelated to the claims in his original complaint, and are unrelated to any of the claims presently pending in this case. Accordingly, Stow's claims against Davis are not properly added to this action. The district judge should therefore deny the motions to amend to the extent Stow seeks to assert claims against Davis concerning the Goodell letter, without prejudice to Stow's ability to bring his claims in a new action filed in this court.

### Conclusion

For the foregoing reasons, the district judge should deny Stow's motions to amend his complaint (Doc. Nos. 95, 98, 106, 107, 118, 119), without prejudice to Stow's ability to bring state law claims against Perkins in state court, or to file a

new action in this court against Davis.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


Andrea K. Johnstone
United States Magistrate Judge


March 2, 2018

cc:  Weston J. Stow, pro se
     Lynmarie C. Cusack, Esq.
     Seth Michael Zoracki, Esq.