UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Weston J. Stow

    v.                                     Civil No. 17-cv-088-LM
                                              Opinion No. 2019 DNH 044

Robert P. McGrath et al.[1]

**O R D E R**

Pro se plaintiff Weston J. Stow, a New Hampshire Department of Corrections ("DOC") inmate, asserts a number of claims against defendant DOC employees. Defendant New Hampshire State Prison ("NHSP") Unit Manager Robert McGrath has filed a motion (doc. no. 150) to dismiss several of the claims against him. For the reasons that follow, McGrath's motion to dismiss is denied.

**Background[2]**

Stow alleges that in early 2016, he was incarcerated at the NHSP Special Housing Unit ("SHU"), and that McGrath was the SHU

---

[1]The defendants in this action are New Hampshire State Prison ("NHSP") Unit Manager Robert P. McGrath, NHSP Lt. Leo Lirette, NHSP Sgt. Edward Hardy, and NHSP Education Department employee John Perkins.

[2]As construed in the October 13, 2017 Report and Recommendation (doc. no. 65), Stow's complaint includes 13 claims, some with sub-parts. In the instant motion, Defendant McGrath seeks dismissal only of Claims 2(a), 2(c)(ii), and 2(c)(iii). The facts set forth in this section are limited to those that are relevant to those claims.

1

Unit Manager. At that time, Stow was taking daily prescription heart medicine. In February 2016, Stow's heart medication ran out. Stow has alleged that the medication was not timely refilled because no SHU officer picked up the prescription from the NHSP on the weekend.

Stow complained about the failure to timely refill his prescription through the DOC's administrative grievance process. Stow alleges that McGrath was offended by Stow's pursuit of administrative complaints concerning his prescription refills.

Stow states that as a result of his administrative complaints, NHSP Maj. Jon Fouts investigated the issue and instituted procedures to ensure that no further lapse in necessary daily medication would occur at SHU. Shortly thereafter, McGrath told Stow: "You made a big mistake, if I get a clean shot at you I'm going to take it." Stow believes that McGrath made that statement in response to what Stow presumes were negative consequences McGrath suffered for having allowed Stow's medication to lapse.

Stow further claims that, shortly after that incident, McGrath and other DOC officers arranged to have Stow transferred from the NHSP in Concord to the Northern New Hampshire Correctional Facility ("NCF") in Berlin. Stow alleges that his transfer to NCF was made in retaliation for his administrative complaints about his untimely medication refills and his

complaints about other conditions of his confinement, including complaints about the ventilation system at SHU.

As to those facts, Stow has asserted the following claims against McGrath, which are set forth in the October 13, 2017 Report and Recommendation (doc. no. 65) ("October 2017 R&R") as the following subparts of Claim 2:

> 2. Defendant McGrath threatened Stow with bodily harm by stating "You've made a big mistake, if I get a clean shot at you I'm going to take it," in retaliation for Stow's administrative complaints about medication refill procedures and inadequate ventilation on his housing unit, in violation of:
>
> > a. Stow's First Amendment rights to free speech and to petition the government for a redress of grievances, rendering defendant liable for damages and injunctive relief under 42 U.S.C. § 1983;
> >
> > . . . .
> >
> > c. state common law, rendering defendant liable for damages for:
> >
> > > . . . .
> > > ii. malfeasance in public office, and
> > > iii. misfeasance in public office.
>
> October 2017 R&R, at 1.

## Discussion

McGrath moves to dismiss Claim 2(a) on three grounds: (1) failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6); (2) qualified immunity; and (3) Eleventh Amendment sovereign immunity, to the extent Claim 2(a)

3

seeks damages from McGrath in his official capacity. In addition, McGrath argues that because Claim 2(a) is subject to dismissal, Claims 2(c)(ii) and (iii), which arise under state law, should be dismissed for lack of supplemental jurisdiction, see 28 U.S.C. § 1367.

I.  Eleventh Amendment Sovereign Immunity

McGrath argues that to the extent Stow is asserting Claim 2(a) against him in his official capacity, the claim is barred by the Eleventh Amendment, as Stow seeks only damages for that claim. The Eleventh Amendment bars claims for damages asserted by private parties against state officials in their official capacities. See Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014).

In this case, however, no claims for damages have been served against McGrath in his official capacity. See Jan. 23, 2018 Order (doc. no. 101) (approving October 2017 R&R). Because, in Claim 2(a), Stow does not seek damages from McGrath in his official capacity, the motion to dismiss is denied to the extent it asserts a sovereign immunity defense to a damages claim.

4

II. <u>Failure to State a Claim</u>

McGrath argues that Claim 2(a) should be dismissed for failure to state a claim upon which relief can be granted because Stow has not adequately alleged facts to support a First Amendment retaliation claim against him. When ruling on a Rule 12(b)(6) motion, the court must "'accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the [plaintiff's] favor.'" Lemelson v. Bloomberg Ltd. P'ship, 903 F.3d 19, 23 (1st Cir. 2018) (citation omitted). Then, when focusing "on the non-speculative, non-conclusory facts and reasonable inferences implied by those facts, [the court must] ask whether it is plausible, as opposed to merely possible, that [the] plaintiff's complaint narrates a claim for relief." Id. (citation omitted).

In Claim 2(a), Stow alleges that McGrath's threat about taking a clean shot constituted an act of retaliation against Stow in response to Stow's exercise of his First Amendment right to file administrative grievances. To state a claim for retaliation for the exercise of First Amendment rights, an inmate must allege: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that he suffered an adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken. See Hannon

5

v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). An adverse act taken in response to protected conduct is not de minimis, if it would deter an individual of ordinary firmness from exercising First Amendment rights. See Starr v. Dube, 334 F. App'x 341, 342 (1st Cir. 2009). Determining whether a plaintiff alleges an adverse act that would deter a person of ordinary firmness "is an objective inquiry." See Thaddeus-X v. Blatter, 175 F.3d 378, 398 (6th Cir. 1999).

Defendant does not challenge plaintiff's allegations regarding the first or the third elements of his retaliation claim. Rather, he argues that because plaintiff has alleged nothing more than a threat, he has failed to adequately allege the second element of his claim, as a threat does not constitute an "adverse act" for purposes of a First Amendment retaliation claim.[3]

---

[3] In his motion to dismiss, the defendant treats Claim 2(a) as one referencing a threat of bodily harm. In plaintiff's objection (doc. no. 151) to the motion to dismiss, plaintiff contends that he interpreted McGrath's threat to take a shot at him not as a threat that McGrath would shoot him or cause him physical harm, but as a threat that McGrath would take a shot at "ripping [him] out of [his] high paying kitchen job [at the NHSP in Concord] and transferring him to [NCF in] Berlin." Pl.'s Mem. of Law (doc. no. 151-1, at 2). Notwithstanding plaintiff's current characterization of how he understood the threat, the claim the court has allowed to proceed alleges a threat of bodily harm. Plaintiff may file a motion to amend the complaint if he seeks to alter the nature of the threat that he alleges underlies Claims 2(a), 2(c)(ii), and 2(c)(iii).

6

The dispositive question for the court's consideration is whether a threat can be an adverse action for the purposes of a First Amendment retaliation claim in a prison setting. There is abundant, well-reasoned, persuasive authority to support a determination that a threat may be sufficient to satisfy the adverse-action element of a First Amendment retaliation claim. See, e.g., Santiago v. Blair, 707 F.3d 984, 992 (8th Cir. 2013) (threat that officer would kill plaintiff if he filed more grievances was not de minimis); Hill v. Lappin, 630 F.3d 468, 475 (6th Cir. 2010) (threat of transfer to lock-down unit was adverse act sufficient to support viable retaliation claim); Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) ("mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect"); Pittman v. Tucker, 213 F. App'x 867, 870 (11th Cir. 2007) (per curiam) (threat that prison officials would "do 'something drastic' if [the prisoner] continued to file grievances," which "could easily be interpreted by an inmate as a threat of physical violence, either directly or thru [sic] deliberate inattention," was not de minimis). The cases cited by McGrath are inapposite, unpersuasive, or inconsistent with the pertinent standard for evaluating whether an adverse act is

de minimis, established in cases including Starr, 334 F. App'x at 342, and Thaddeus-X, 175 F.3d at 398.[4]

The threat of bodily harm on which Claim 2(a) was allowed to proceed is sufficient to satisfy the adverse act element of Stow's First Amendment retaliation claim. Because defendant's Rule 12(b)(6) argument rests solely upon plaintiff's purported failure to adequately allege the adverse act element of his retaliation claim, McGrath's motion to dismiss should be denied to the extent it rests on Rule 12(b)(6).

---

[4] For example, McGrath cites Ayotte v. Barnhart, 973 F. Supp. 2d 70, 94 (D. Me. 2013), in arguing that a threat alone cannot support the adverse action element of a retaliation claim. Barnhart's discussion of whether threats alone suffices to support a retaliation claim appears in dicta, as the prisoner there had in fact alleged "more" than a mere threat. The court allowed the First Amendment retaliation claim to proceed in Barnhart because the alleged adverse action, consisting of "verbal abuse, threat, and two strip-searches," was "objectively more than de minimis." Id. at 82. Furthermore, Barnhart's cited reasoning, that inmates simply must put up with more than ordinary citizens, is based on Thaddeus-X, 175 F.3d at 398, in which the court emphasized that case-specific facts matter: "while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions," and "[r]etaliation against a prisoner is actionable if it is capable of deterring a person of ordinary firmness from exercising his or her right to access the courts." The only two appellate court cases cited by McGrath, Gaut v. Sunn, 810 F.2d 923 (9th Cir. 1987) (per curiam) (threat was insufficient to state viable Eighth Amendment claim), and Hudson v. Univ. of Tex. Med. Branch, 441 F. App'x 291 (5th Cir. 2011) (per curiam), are distinguishable and unpersuasive as Gaut is an Eighth Amendment case, and Hudson did not apply the applicable "ordinary firmness" standard, cf. Thaddeus-x, 175 F.3d at 398, in deciding whether the threats were actionable or de minimis.

8

C.  Qualified Immunity

Qualified immunity protects state officials from suit unless their "actions violate clearly established statutory or constitutional rights of which a reasonable person would have known." Escalera-Salgado v. United States, 911 F.3d 38, 41 (1st Cir. 2018) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). However, McGrath's invocation of qualified immunity consists of nothing more than a recitation of legal principles and this: "At the very least, Stow has failed to allege any clearly-established constitutionally-protected right in Claim 2(a) and, for that reason, McGrath is . . . entitled to qualified immunity from personal liability." Def.'s Mot. to Dismiss (doc. no. 150, at 6).[5]  However, "because [McGrath] does not develop his qualified immunity defense with sufficient specificity and detail, the defense is waived" for purposes of McGrath's motion to dismiss. Latimore v. Trotman, No. 14-13378-MBB, 2017 WL 3623159, at *10, 2017 U.S. Dist. LEXIS 134659, at *27 (D. Mass. Aug. 23, 2017); see also Pomponio v. Town of Ashland, No. 15-cv-10253-IT, 2016 WL 471285, at *5, 2016 U.S.

---

[5]McGrath says nothing about qualified immunity in his reply (doc. no. 154) to Stow's objection.

9

Dist. LEXIS 14366, at *14 (D. Mass. Feb. 5, 2016) (rejecting qualified-immunity defense asserted in motion for judgment on the pleadings where "[d]efendants only [made] a general claim of qualified immunity" (citing Jordan v. Carter, 428 F.3d 67, 74-75 (1st Cir. 2005) (rejecting qualified immunity where defendant put forth "generic argument" in support of motion to dismiss))).

In short, McGrath has waived his qualified immunity defense for purposes of a motion to dismiss, by failing to invoke it with sufficient specificity and detail. Accordingly, McGrath's motion to dismiss is denied to the extent it rests upon a qualified immunity defense asserted at the pleading stage.

### D. Supplemental Jurisdiction

McGrath asks the court to dismiss Claims 2(c)(ii) and (iii) on grounds that the court lacks supplemental jurisdiction over those state-law claims. See 28 U.S.C. § 1367. However, as the court declines to dismiss Claim 2(a), which is the federal claim that provides supplemental jurisdiction for plaintiff's state-law claims, see id., the court may continue to exercise supplemental jurisdiction over the state law claims. Accordingly, McGrath's motion to dismiss is denied as to Claims 2(c)(ii) and (iii).

## Conclusion

For the foregoing reasons, defendant Robert McGrath's motion to dismiss (doc. no. 150) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 14, 2019

Cc: Weston Stow, pro se
    Lynmarie C. Cusack, Esq.
    Seth Michael Zoracki, Esq.